## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **Atlantic Casualty Insurance Company,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-04546-MLB |
| | ) | |
| **Sherry Phillips, individually and d/b/a All Trades Handicraftsmen, William Roper, and Leonard Willis,** | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES TO INTERROGATORIES AND FOR SANCTIONS

Plaintiff, Atlantic Casualty Insurance Company ("Plaintiff"), moves under Fed. R. Civ. P. 37 for an order providing the relief requested in the Conclusion Section of this motion. Pursuant to Fed. R. Civ. P. 37 (a)(2)(A)(B) and L.R. 37.1(A)(1) NDGa., Plaintiff's counsel attempted to confer with Defendants' counsel, and requested but did not obtain Defendants' agreement to produce the discovery sought. The Court has permitted the filing of this motion by its April 12, 2023 Docket Entry Order.

### INTRODUCTION

Since the January 23, 2023 hearing (Doc. 45), Plaintiff has sought to obtain discovery concerning Defendants' Counterclaim (Doc. 10) which contains scandalous allegations of fraud and misrepresentation by Plaintiff. Plaintiff has also

sought discovery on its Complaint (Doc. 1), which presents questions of law on contract interpretation of its insurance policy. Defendants have continued to violate Court Orders by withholding discovery on these issues. In minimal supplemental responses, Defendants have now admitted that their Counterclaim was filed with no evidentiary support, and contrary to evidence. Plaintiff has tried repeatedly to obtain this material discovery without involving the Court to no avail. Thus, Plaintiff seeks an order compelling the discovery, implementing safeguards to ensure that Defendants produce all relevant evidence, and imposing sanctions for their willful failure to comply with the Court Orders and rules.

## BACKGROUND

Defendants' discovery responses were originally due on March 6, 2023. (Doc. 36). When Defendants failed to respond, the Court "ordered Defendants to substantively respond to Plaintiff's discovery requests and requests for admission no later than April 11, 2023." (Doc. 40-1). On April 12, 2023, after Defendants alleged new difficulties in complying, the Court by docket entry ordered "Defendants Phillips and Roper to file all overdue discovery responses no later than April 25, 2023.[1]"

---

[1] Defendants' Notice of Witness-Party Unavailability (Doc. 42) was filed without conferring with Plaintiff's counsel. The "Notice" suggested that it was only 5 days earlier– 9 days after the March 28 order (Doc. No. 40-1) – that counsel first attempted to contact his clients. The Notice also claimed counsel had not received the Requests for Admission even though they were served on January 31, 2023 (Doc.

On February 10, 2023, Atlantic's counsel sent correspondence to Defendants' counsel, attached as Exhibit "A." Atlantic expressed concern about "the unequivocal allegations of Counterclaim paragraphs 53, 54, and 60, the absence of any Rule 26 disclosures supporting them[2], and the basis for suggesting Bingham Insurance Group was an agent of Atlantic . . . simply because you claim this is a 'reasonable assumption on its face.'" On April 13, 2023, Defendants were notified of discovery deficiencies in their initial responses. Exhibit "B" is correspondence that was sent as a courtesy to attempt to avoid further judicial intervention. Notwithstanding, Defendants sent an email response rejecting the letter, attached as Exhibit "C." In Exhibit "A", Atlantic directed counsel to the Court's Order and hearing transcript [Doc. Nos. 18 and 45] where the Court required that Defendants take the lead in saying what the misrepresentation was, the entity who made it, and facts identifying who, when, and what the conversation included. (Doc. 45 at pp. 37-38).

## LEGAL STANDARD

"Rule 37 authorizes a district court to impose such sanctions "as are just" against a party that violates an order compelling discovery. Fed.R.Civ.P.

---

22) along with three separate emails which co-defendant's counsel received, alerting counsel to service of the Requests for Admission that day. See copies attached as Composite Exhibit "D."

[2] The Court ordered amended Rule 26 disclosures.  Defendants amended (Doc. 20) but did not comply.  (Doc. No. 45 at 37:6, 23; 38:17, 23).

37(b)(2). Included in the rule's list of possible sanctions is an order striking a defendant's pleadings and entering a default. Fed.R.Civ.P. 37(b)(2)(C)[3]. District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir. 1997). "[A] party 'refuses to obey' simply by failing to comply with an order." *Société Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208 (1958). Moreover, "the court must order the disobedient party ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"Rule 26(g) outlines an attorney's obligation to sign and certify that discovery responses are inter alia nonfrivolous and not interposed to cause unnecessary delay or increase the cost of litigation. Rule 26(g) further provides that, if a certification violates this rule without substantial justification, the court, "must impose an appropriate sanction on the signer," including potentially "an order to pay the reasonable expenses, including the attorney's fees, caused by the delay. Fed. R. Civ. P. 26(g)." *Blaier v. AMPS Staffing, Inc*., No: 1:20-cv-2324-AT-RDC, 2022 WL 3568640 (N.D. Ga. July 26, 2022). As set forth below, Defendants are attempting to

---

[3] The remedy mentioned is now in Fed.R. Civ. P. 37(b)(2)(A).

prevent Plaintiff from discovering evidence harmful to Defendants' case. Their counsel has signed frivolous responses causing unnecessary delay and expense.

### Responses to Interrogatories

The Defendants' responses and supplemental responses to the interrogatories are not verified under oath and do not comply with Fed. R. Civ. P. 33 (b)(3),(5). The following interrogatories contain meritless objections, and non-substantive responses that fail to comply with the Court's Order.

**3**. Identify and describe each of the losses you contend are covered by the insurance policy issued by Atlantic. For each loss, state the following:

a.   The amount of damage you are claiming for the loss;

b.     How that amount was calculated;

c.     The factual and legal basis for each item or category of losses claimed;

d.  The policy provision or provisions that support your claim;

e.   The identities of all individuals with knowledge of that loss, including its valuation; and

f. Whether there are any reports, estimates, or evaluations relating to that loss.

**RESPONSE:** Counsel for Defendant objects to this interrogatory as "losses" is undefined. Counsel also objects to this interrogatory as it calls for a legal conclusion and the witness is not an attorney. Specifically, the factual basis for the losses and the policy provisions which support a loss claim are legal determinations which

should be discussed between counsel. Further, the loss referenced here relates to the claims of loss being made by Leonard Willis—a third-party which William Roper, Sherry Roper, and All Trades Handicraftsmen have no authority or control over and other than that which is found in the attached discovery file, the requested information is not available as envisioned by Rule 33. Also, at this time, questions about the specific details, reports, estimates, and evaluations of Mr. Leonard Willis' losses are best directed to (1) the fire department which served and investigated the fire and (2) the homeowner (i.e., Mr. Willis). Without waving this objection, the work performed by All Trades Handicraftsmen at the residence of Leonard Willis has resulted legal action against the defendants and the cost of defending all legal actions—as well as the cost of any judgment against Defendants—stemming from claims made by Leonard Willis are relevant losses for which Plaintiff is responsible. Further, the description and contemplated activities of "handyperson" as described in ISO 95625 indicates that a handyman is a person "who is hired to do a variety of miscellaneous work for others, usually involving minor repairs in a household environment." It further states that a handyman is one who will "provide a variety of maintenance-type services to their clients." Furthermore, ISO 95625 states that a handyperson "may also install items" and this work contemplates "maintenance and small repair work in a household environment." In this case, after installing siding on Leonard Willis' home, Defendants were called back to Leonard Willis' home to

repair and replace siding which was previously installed. The repair work being performed on the day of the fire which led to this action was within the contemplated services of a handyperson.

**SUPPLEMENT:** The Defendants lost revenue because they were not completely compensated for the work on Leonard Willis' home. Defendants lost a lot of money when making the repairs to Leonard Willis' home. In addition, Defendants had to sign a release/waiver where William accepted only $3,000 when he was actually owed approximately $5,000 for the first repair (but the repair was done twice so it cost much more than projected). The people familiar with the loss include Patrick Fitzhenry (John), the parties, and the insurance companies.

**AUTHORITY AND SUPPORTING REASONS:** The grounds for objecting to an interrogatory must be stated with specificity. Defendants' objections are improper. *Carnes v. Crete Carrier Corp.*, 244 F.R.D. 694, 698 (N.D. Ga. 2007). Objections to requests for discovery should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). "Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery." *U.S.C.F.T.C. v. American Derivatives Corp.*, No. 1:05-CV-2492-RWS, 2007 WL 1020838, *3 (N.D. Ga. March 30, 2007). The ordinary dictionary definition of "losses" should be

sufficient here for a complete response. Defendants adopted the word "losses" in their statement portion of the Joint Preliminary Report and Discovery Plan (Doc. No. 13). There is no requirement in the Federal Rules of Civil Procedure or other authority to object on the basis of "legal determinations which should be discussed between counsel." As set forth in Fed. R.Civ. P. 33(a)(2), "An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Plaintiff is entitled to know the Defendants' position before the conclusion of discovery, in order to prepare its case. The response is also non-responsive to 3a, 3b, 3c, 3.d and 3f. To the extent Defendants have received information about losses claimed by Leonard Willis, in addition to the losses Defendants claim in their response, Defendants must provide a complete response as ordered.

**4**. Identify all individuals, documents, correspondence, or other tangible things supporting your allegations in paragraph 53 of Defendants' Counterclaim (Dkt. 10) that "through its agent, Plaintiff [Atlantic] misrepresented the scope of the coverage Defendant purchased and/or fraudulently induced Defendant into purchasing the insurance policy," including the agent, each specific representation, misrepresentation and inducement made, the date, time, place and manner each specific representation, misrepresentation and inducement was made, the person

who made each representation, misrepresentation and inducement, and the persons each was made to, and how the representation was false or fraudulent.

**RESPONSE:** Defendants believe they initially communicated with an insurance representative named "Sue Polanis" at 706-684-0040 from Bingham Insurance Group. Upon speaking to Sue Polanis, Defendants made the insurer (through its agent, Bingham Insurance Group), aware of the type of work which Defendants would be engaged in and the work for which they wanted insurance. Per their communications to Sue Polanis, Defendants were to be insured for siding-related work. However, as of now, Plaintiff alleges that it has no obligation to cover the claim raised by Leonard Willis—work which related to the repair of previously installed siding on Mr. Willis' home. Other than that which is attached as a discovery file, Defendants currently do not have any other information responsive to this discovery requests. Defendants reserve the right to amend this response as discovery is still ongoing.

**SUPPLEMENT:** Communications were held via telephone regarding the details of the policy. As of the time of the Defendants are not sure if the details of the policy were also written in an email. The Defendants made it known that they do repairs when speaking to the above-mentioned insurance representative. In addition, the witness did not draft the counterclaim and thus cannot provide information responsive to this request.

**AUTHORITY AND SUPPORTING REASONS:**

The response is non-responsive to "each specific representation, misrepresentation and inducement made, the date, time, place and manner each specific representation, misrepresentation and inducement was made, the person who made each representation, misrepresentation and inducement, and the persons each was made to, and how the representation was false or fraudulent." Stating, the "type of work" "the details of the policy," "they do repairs" are neither specific nor dated. The Counterclaim (Doc. No .10) alleges fraudulent inducement by the Plaintiff through Plaintiff's agent. Defendants now admit Bingham Insurance Group was their insurance agent, not Plaintiffs', and that they met Bingham through a referral from State Farm. *See* Response to Interrogatory No. 13 (below) and responses to Requests for Admissions Nos. 29-31, attached as Exhibit "E". The Counterclaim ¶54 states, "Defendant indeed understood the agreement to include coverage for installing exterior siding." Defendants' response to Interrogatory No. 6 asserts that there are "countless emails, contracts, communications, and records," but Defendants have only a single email between Sherry Phillips and Plaintiff which was sent <u>after</u> the claim was made. As such, the supplemental response, "the witness did not draft the counterclaim and thus cannot provide information responsive to this request" violates the Court's order to provide substantive responses, and Fed.R.Civ.P. 33(a)(2). Sanctions should be awarded to Plaintiff, including the striking of

Defendants' false Counterclaim, which the supplemental responses demonstrate violated Fed.R.Civ.P. 11. Simply pointing to what is "attached as a discovery file," is not sufficient when responding to interrogatories. Federal Rule of Civil Procedure 33(d) provides that in responding to interrogatories, a party may refer to records, as opposed to providing a narrative, <u>if those records are clearly identified</u>. *U.S.C.F.T.C. v. American Derivatives Corp.*, No. 1:05-CV-2492-RWS, 2007 WL 1020838, *3 (N.D. Ga. March 30, 2007). "Responses to interrogatories should not incorporate outside material by reference. Answers to interrogatories must be responsive to the question, complete in themselves, and should not refer to pleadings, depositions, or other documents.... and it is rarely a proper response to an interrogatory merely to reiterate the allegations in the complaint." *Gonzalez v. LiveOps, Inc.,* 2008 WL 11324067 *4 (N.D. Ga. 2008)(citations omitted). The response should clearly identify the documents within the "discovery file" that are responsive to each interrogatory.

**5.** Identify all individuals, documents, correspondence, or other tangible things supporting your allegations in paragraph 54 of Defendants' Counterclaim (Dkt. 10) that "through its agent, Plaintiff [Atlantic] misrepresented the types of services which were within the scope of 'handyman (handyperson)/pressure washing,' including the agent, each specific representation and misrepresentation that was made, the date, time, place and manner each specific representation and

misrepresentation was made, the person who made each representation and misrepresentation, the persons each was made to, and how the representation was false or fraudulent.

**RESPONSE:** See the response to Interrogatory #4 above. In addition, please consult with Defendants' counsel as to the other information requested as the witness is not an attorney.

**SUPPLEMENT:** The witness did not draft the counterclaim and cannot provide information responsive to this request.

**AUTHORITY AND SUPPORTING REASONS:**

Plaintiff adopts the authority and reasons set forth for Interrogatory No. 4 above.

6. Identify all individuals, documents, correspondence, or other tangible things supporting your allegations in paragraph 60 of Defendants' Counterclaim (Dkt. 10) that the insurance policy "included coverage for the siding work he performed and any absence of such coverage was a result of Plaintiff's own negligence, improper training of its employees as to what the classification known as 'handyman (handyperson)/pressure washing' included, misrepresentation by Plaintiff as to what Defendant purchased, or fraudulent inducement by Plaintiff" including in your answer:

  a. The factual and legal basis of coverage for each item or category of losses claimed;

b.   The specific policy provision or provisions that support your claim;

c.   The identity of all Atlantic employees who were improperly trained;

d.   The identity of all Atlantic employees who made misrepresentations to Defendants and which specific representation or fraudulent inducement each employee made;

e.   The date, time, place and manner of all contact and communications Defendants had with Atlantic concerning or relating to the policy coverage and siding work Defendant performs.

f.   The identities of all individuals with knowledge of the allegations in paragraph 60 of the Counterclaim.

**RESPONSE:** Defendant's counsel objects to this interrogatory as it is convoluted and compounds no less than 14 interrogatories into one. Defendant's counsel also objects to the identification of "all individuals, documents, correspondence, or other tangible things supporting" the above-referenced paragraph since such is unduly burdensome and would require the witness to examine countless emails, contracts, communications, and records to determine if they indeed support the referenced paragraph. Without waiving this objection, please see the response to Interrogatory #4 above. In addition, as mentioned in response to Interrogatory #3 above, Defendants were called back to Leonard Willis' home to repair and replace siding which was previously installed and repairs are within the scope of the ISO's

contemplated services of a handyperson. Defendants reserve the right to amend this response.

**SUPPLEMENT:** The witness did not draft the counterclaim and thus cannot provide information responsive to this discovery request.

**AUTHORITY AND SUPPORTING REASONS:**

Plaintiff adopts the authority and reasons set forth for Interrogatory No. 4 above. Further, "[a]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired about may be disputable." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 261 (2d ed. 1994). The courts in this District have applied the "related question" test. *Williams v. Taser Intern., Inc*., No. 1:06-CV-0051-RWS, 2007 WL 1630875 (N.D. Ga. June 4, 2007). The common theme in this interrogatory is Defendants' Counterclaim (Doc. 10), the policy provisions providing coverage, if any.

**8**. Identify each and every act and omission which you contend was an act of negligence on the part of Atlantic as alleged in paragraph 60 of Defendants' Counterclaim (Dkt. 10), and describe how each act and omission was negligent and contributed to the incident which is the subject matter of this litigation and your Counterclaim.

**<u>RESPONSE:</u>** Defendant's counsel objects to the identification of each and every act and omission which was an act of negligence on the part of Atlantic as alleged in paragraph 60 since "negligence" is undefined in the Plaintiff's definitions section and it is a legal term of art which is not generally understood by laypersons. Without waiving this objection, Atlantic carelessly assigned an insurance policy to Defendants which Atlantic now contends leaves Defendants exposed to a claim from Leonard Willis despite Defendants' request for a policy to cover the work performed. In addition, discovery is ongoing and Defendants reserve the right to amend this response.

**<u>SUPPLEMENT:</u>** The witness did not draft the counterclaim and thus cannot provide information responsive to your request.

**AUTHORITY AND SUPPORTING REASONS:**

Plaintiff adopts the authority and reasons set forth for Interrogatory No. 3 above. In addition, the response is non-responsive. Paragraph 60 of the Defendants' Counterclaim does not allege the conclusory statement that "Atlantic carelessly assigned an insurance policy." Defendants' limited response to Interrogatory No. 4 admits their only communication was with their insurance agent Sue Polanis (Bingham Insurance Group), and the response here does not identify any act by Atlantic which ¶60 alleges was "Plaintiff's <u>own</u> negligence, improper training of <u>its</u>

employees, … misrepresentation <u>by Plaintiff</u> as to what Defendant purchased, or fraudulent inducement <u>by Plaintiff</u>."

**9**. Identify and describe all documents or communications between you and Atlantic, or any of Atlantic's employees, agents, representatives or vendors, from January 1, 2018 to the present relating to the policy by stating the date of the communication, the nature or purpose of the communication, the substance of the communication, the person with whom you communicated, and whether the communication was oral or in writing.

**<u>RESPONSE:</u>** Defendants' counsel objects to the identification and description of "all documents or communications" over a five-year period as such is overly broad, burdensome, and exceeds the scope of discovery in this case. To demonstrate, such would require the witness to track down every promotional ad, holiday greeting, billing statement, and receipt ever received and such information is not relevant to this action. Without waiving this objection, please see the relevant communications in the attached discovery file. Other than that, none at this time. Defendants reserve the right to amend this response.

**<u>SUPPLEMENT:</u>** Defendants have called Atlantic multiple times and they've sent Defendants at least one letter. Sheri will provide what she has.

**AUTHORITY AND SUPPORTING REASONS:**

Plaintiff adopts the authority and reasons set forth for Interrogatory No. 6 above. Further, Defendants' records are not clearly identified. *U.S.C.F.T.C. v. American Derivatives Corp*., No. 1:05-CV-2492-RWS, 2007 WL 1020838, *3 (N.D. Ga. March 30, 2007). "Responses to interrogatories should not incorporate outside material by reference. Answers to interrogatories must be responsive to the question, complete in themselves, and should not refer to … other documents" *Gonzalez v. LiveOps, Inc.,* 2008 WL 11324067 *4 (N.D. Ga. 2008). The interrogatory is restricted to documents or communications, thus "promotional ad, holiday greeting" are not within its scope. The Supplement suggesting some unknown future production is contrary to the Court's April 25 deadline.

10. For each person you identify as an agent or representative of Atlantic in your answers to these interrogatories and your Counterclaim, identify the factual and legal basis for your identifying each such person as an agent or representative of Atlantic, and any evidence, document or other matter which supports your answer.

**RESPONSE:** Defendant's counsel objects to this interrogatory as the reference to the law of agency is a legal framework which is not generally understood by laypersons. Without waiving this objection, discovery is still ongoing and Defendants reserve the right to amend this response.

**SUPPLEMENT:** The witness did not draft the counterclaim and cannot provide responsive information to your request.

**AUTHORITY AND SUPPORTING REASONS:**

Plaintiff adopts the authority and reasons set forth for Interrogatory No. 6 above.

**11**. For each request which you denied in your response to the Request for Admissions propounded by Atlantic upon you in this action, please describe in detail the legal and factual bases supporting each denial, including: (a) identifying, by Bates Number, each document which you assert is not a true and correct copy of the original document, and (b) the reasons how the document produced by Atlantic differs from the original document, identifying any evidence, document or other matter which supports your denial.

**RESPONSE:** The full set of requests for admissions have not been received as of the time of this writing and cannot be completed for the reasons more fully explained in ECF 42. Defendants reserve the right to amend this response.

**SUPPLEMENT:** Please see the responses to the Requests for Admissions which provide denials as well as the basis for the denial. As for your request that the witness identify additional records, Counsel for the witness hereby directs you to Fed.R.Civ.P. 33(d). Since "the burden of deriving or ascertaining the answer will be substantially the same for either party" you are encouraged to review the Bates Numbered records as well as the Zip File described throughout these response as "Roper Supplement to Discovery". In addition, as all of the records provided are indeed business records, Counsel for the witness directs you to Fed.R.Civ.P. 33(d)

with respect to any request you've made whereby you demand that the witness specify the Bates Numbered page or location of the document provided in the discovery files provided by Defendant.

**AUTHORITY AND SUPPORTING REASONS:**

Defendants' records are not clearly identified. *U.S.C.F.T.C. v. American Derivatives Corp.*, No. 1:05-CV-2492-RWS, 2007 WL 1020838, *3 (N.D. Ga. March 30, 2007). "Responses to interrogatories should not incorporate outside material by reference." *Gonzalez v. LiveOps, Inc.*, 2008 WL 11324067 *4 (N.D. Ga. 2008). The referenced Zip File is not bates numbered, and contrary to Defendants' position in the Joint Preliminary Report and Discovery Plan (Doc. No. 13), many of the records are not in PDF format, and metadata is not included. They are not searchable.

12.     For each of the First Defense through Third Defense in Defendants' Answer to Plaintiff's Complaint for Declaratory Judgment (Dkt. 10), identify all facts and the legal basis that support each such Defense, including in your answer any evidence, document or other matter which supports your answer.

**RESPONSE:** Defendant's counsel objects to this interrogatory as the defenses referenced here related (1) claims for which relief may be granted, (2) estoppel and waiver, and (3) laches. All of the above-mentioned defenses are legal terms of art which are not readily understood by laypeople. Without waiving this objection, Plaintiff asks the court for an "[a]ward" of certain unknown relief but it is unclear as

to what relief Plaintiff seeks and Defendants are of the position that no awards are due. Further, Plaintiff should be estopped from seeking any award from Defendants for the reasons more fully described in the answer, counterclaim, initial disclosures, and other pleadings. In addition, Plaintiff accepted insurance payments from Defendants for far too long before contacting Defendants about the nature, scope, and alleged limitations of Defendant's insurance policy.

**AUTHORITY AND SUPPORTING REASONS:**

The objection "legal terms of art … not readily understood" is contrary to Fed. R.Civ. P. 33(a)(2). The response, "The reasons more fully described in the answer, counterclaim, initial disclosures, and other pleadings" is non-responsive. "Responses to interrogatories should not incorporate outside material by reference. Answers to interrogatories must be responsive, complete in themselves, and should not refer to pleadings, depositions, or other documents..." *Gonzalez v. LiveOps, Inc.*, 2008 WL 11324067 *4 (N.D. Ga. 2008); *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 120 (N.D. Ga. 1972) ("incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory.").

**13.** Identify your relationship with Bingham Insurance Group, LLC and Sue Polanis, including in your response how you first learned of both of them, when you first contacted them and the purpose of that contact, any prior business or insurance

either of them obtained for you, and the process that you engaged in with them to secure the Policy.

**RESPONSE:** Defendant's counsel objects to this interrogatory as it is compound and difficult to follow. Defendant's counsel also objects to this interrogatory as it calls for speculation. Without waiving these objections, Defendants believe that Sue Polanis works for Bingham but such is simply a subjective belief and more discovery is needed to establish said relationship. In addition, Defendants contacted Sue Polanis when seeking insurance coverage. Finally, Defendants' counsel objects to identifying the "process that…[Defendants] engaged in with them" as such is an ambiguous request. Without waiving this objection, Defendants spoke with Sue Polanis. Defendants reserve the right to amend this response.

Supplement: Bingham is the insurance agent recommended to Defendants by State Farm and which Defendants contacted about insurance coverage.

**AUTHORITY AND SUPPORTING REASONS:**

The "response" to Interrogatory No. 13 is not responsive to "when you first contacted them and the purpose of that contact, any prior business or insurance either of them obtained for you, and the process that you engaged in with them to secure the Policy." It does not seek Defendants' "belief" or delay for "more discovery."

**14.** Identify the process that you engaged in to secure insurance coverage from Atlantic as alleged in ¶ 52 of your Counterclaim, specifying each service you

requested insurance coverage for, and the specific manner in which you identified or described each service, including in your answer all documents or communications between you and Atlantic, or any of Atlantic's employees, agents, representatives or vendors, stating the date of the communication, the nature or purpose of the communication, the substance of the communication, the person with whom you communicated, whether the communication was oral or in writing, each response you received, and all evidence, document or other matter which supports your answer.

**RESPONSE:** Again, Defendant's counsel objects to identifying the "process that…[Defendants] engaged in" as such is also an ambiguous. Again, without waiving this objection, Defendants spoke with Sue Polanis. Defendants reserve the right to amend this response.

**SUPPLEMENT:** Defendants compared rates from different companies and sent Bingham the money for the insurance policy.

**AUTHORITY AND SUPPORTING REASONS:**

The response does not provide "each service you requested insurance coverage for, and the specific manner in which you identified or described each service, including in your answer all documents or communications between you and Atlantic, or any of Atlantic's employees, agents." Counterclaim ¶ 52 alleges, "Defendant requested insurance coverage for services such as installing exterior siding and other service."

Given the Defendants' "response" to Interrogatory No. 4, "type of work" should be identified and specified here, including "the date of the communication, the nature or purpose of the communication, the substance of the communication, the person with whom you communicated, whether the communication was oral or in writing, each response you received, and all evidence, document or other matter which supports your answer." Stating, the plural "Defendants spoke with Sue Polanis," fails to identify each date, each communication and its substance, whether oral or written, and each response received, as well as any supporting evidence or documents. A complete substantive response to both is required as ordered.

15.     Identify each condition precedent which you claim Atlantic has not complied with, specifying how Atlantic did not comply, the legal and factual basis for your claim, and any evidence, document or other matter which supports your answer.

**RESPONSE:** Defendants' counsel objects to this interrogatory since it contains legal terminology which is not readily understood by laypersons and calls for legal conclusions. Namely, "condition[s] precedent," "legal" basis, and "evidence" are all legal frameworks which should be questions for counsel. Without waiving this objection, Atlantic is denying the claim being brought by Leonard Willis despite its obligation to cover the claim pursuant to the current policy and/or the policy which Defendants understood they were paying for.

**SUPPLEMENT:** Atlantic has not paid the claim for Mr. Willis and has not met many obligations required by their business insurance policy.

**AUTHORITY AND SUPPORTING REASONS:**

The "questions for counsel" objection is meritless. Fed. R.Civ. P. 33(a)(2). Putting aside the "response" that "Atlantic has not paid the claim for Mr. Willis" is inconsistent with Defendants' response to interrogatory 3 which refuses to identify what any payment should be, the response, fails to identify any condition precedent, how Atlantic did not comply, the legal and factual basis, and any support.

16. For each person who you identify or claim is Atlantic's employee, agent, representatives or vendor, identify the legal and factual basis for your claim, and any evidence, document or other matter which supports your answer.

**RESPONSE:** See response to Interrogatory #10.

**AUTHORITY AND SUPPORTING REASONS:**

Plaintiff adopts the authority and reasons set forth for Interrogatory No. 6 above. Defendants having now identified Sue Polanis/Bingham as their insurance agent, the failure to dismiss their Counterclaim and correct all discovery responses suggesting an agent of Atlantic fraudulently or negligently induced them to purchase the insurance policy, evidences bad faith and warrants sanctions. "A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in [discovery requests]." *Collins-Williams v. Contour Eastwyck LLC*, No. 1:20-CV-3129-CAP, 2022 WL 17828934

*111 (N.D. Ga. Dec. 15, 2022) (citations omitted). There, "At every stage of discovery the defendant played word games and employed trickery to avoid discharging its duties pursuant to the Federal Rules of Civil Procedure." "Defendant's pattern of behavior reveals its intention to know as little about this matter and its documents as possible." *Id.* Just so here. Defendants' conduct shows that an order simply compelling it—once again—to produce information is not enough. Plaintiff respectfully requests an order that will prevent Defendants from continuing to obstruct discovery, and requests the following relief: (1) An order that Defendants provide full and complete responses, under oath, to each of the foregoing interrogatories, identifying specific documents or materials where requested for each response; (2) Pursuant to Fed. R. Civ. P. 37(a)(5)(A) and 37(b)(2)(C), an award to Plaintiff of the reasonable expenses, including attorneys' fees, it incurred in bringing both this motion to compel, and the related prior discovery dispute to the Court; (3) Dismissal of the Counterclaim with prejudice, or a warning to Defendants of forthcoming Rule 11 sanctions and (4) A warning to Defendants that any further noncompliance with the Court's Order may result in the imposition of more severe sanctions, including the striking of Defendants' pleadings and entry of a default.

Respectfully submitted, this 9th day of May, 2023.

*[Signature on the following page.]*

*/s/ Steven D. Ginsburg*
STEVEN D. GINSBURG
Georgia Bar No. 121055
DERRON B. BOWLES
Georgia Bar No. 928313
*Counsel for Plaintiff Atlantic*
*Casualty Insurance Company*

## <u>LOCAL RULE 7.1(D) CERTIFICATION</u>

The undersigned certifies that **Plaintiff's Motion to Compel Discovery Responses to Interrogatories and for Sanctions** has been prepared with Times New Roman font size 14 approved by Local Rule 5.1B.

This 9th day of May, 2023.

*/s/ Steven D. Ginsburg*
STEVEN D. GINSBURG
Georgia Bar No. 121055
DERRON B. BOWLES
Georgia Bar No. 928313
*Counsel for Plaintiff Atlantic*
*Casualty Insurance Company*

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway, Suite 1200
Atlanta, GA 30328
Phone: (770) 628-7111
ginsburg@litchfieldcavo.com
bowles@litchfieldcavo.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed the within and foregoing **Plaintiff's Motion to Compel Discovery Responses to Interrogatories and for Sanctions** with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties indicated on the electronic filing receipt, addressed as follows:

Trey Ross, M.Ed., Esq.
The Law Office of Trey Ross, PC
4989 Peachtree Parkway
Suite 202
Peachtree Corners, GA 30092
trey@treyrosslaw.com
*Counsel for Defendants Sherry Phillips, William Roper, and All Trades Handicraftsman*

David L. Boohaker, Esq.
Boohaker Law Firm LLC
800 Johnson Ferry Road, Suite B
Atlanta, GA 30342
david@boohakerlawfirm.com
*Counsel for Defendant Leonard Willis*

This 9th day of May, 2023.

*/s/ Steven D Ginsburg*
STEVEN D. GINSBURG
Georgia Bar No. 121055
DERRON B. BOWLES
Georgia Bar No. 928313
*Counsel for Plaintiff Atlantic Casualty Insurance Company*

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway, Suite 1200
Atlanta, GA 30328
Phone: (770) 628-7111
ginsburg@litchfieldcavo.com
bowles@litchfieldcavo.com