UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Atlantic Casualty Insurance Company,**<br>    Plaintiff,<br><br>v.<br><br>**Sherry Phillips, individually and d/b/a All Trades Handicraftsmen, William Roper, and Leonard Willis,**<br>    Defendants. | Case No. 1:22-cv-04546-MLB |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES TO FIRST REQUEST FOR PRODUCTION AND FOR SANCTIONS

COMES NOW, Defendants Sheri and William Roper, and files this response to PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES TO FIRST REQUEST FOR PRODUCTION AND FOR SANCTIONS asking that the court deny the motion as it is not in the interest of justice *and* not made in good faith. To start, Plaintiff made no attempt to confer regarding the supplemental discovery responses

as required by Local Rule 37.1(A)(1).[1] In addition, Plaintiff has received an organized Zip File containing separate folders of relevant information kept in the ordinary course of business.

Also, Plaintiff—in yet another round of smear campaigns—makes false and scandalous accusations about the undersigned's social media publications[2] and ethical misconduct which cannot be farther from the

---

[1] Plaintiff sent Defendants a letter on April 13, 2023 regarding Defendants' discovery responses which the undersigned counsel stated were incomplete in light of the fact that Defendants were unavailable. Nevertheless, a good faith response was submitted in light of the court's deadline. Defendants also notified Plaintiff via email and stated "if you still don't have what you need [after a supplement is provided], I encourage you to seek it through deposition(s) or from other parties; neither I nor my clients can give you what we don't currently have." *See* PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES TO FIRST REQUEST FOR PRODUCTION AND FOR SANCTIONS' <u>EXHIBIT C</u>. This statement clearly referenced any claims that records were absent but does not foreclose any discussion about Plaintiff's allegations about the organization of the files contained in the Zip Folder. If Plaintiff believed he was entitled to business records which were even more organized that the one he received, he had an obligation to confer prior to filing a Motion to Compel the reorganization of said business records.

[2] In the first footnote of the instant motion, Plaintiff states that "Defendants were available and publicly posting on social media during the time counsel claims he was unable to contact them." Since Plaintiff seems to use "Defendant" and "Defendant's counsel" interchangeably, I'm presume that

truth. The undersigned counsel has numerous social media pages—business and personal—and all[3] are managed by third-party social media managers who have my permission to publish content without any input from the me.

That said, Defendant responds to Plaintiff's motion as follows:

## I.     Discovery has not been withheld

While appearing to say the discovery file is too voluminous,[4] Plaintiff also asserts that discovery has been withheld.[5] However, nowhere in his motion does Plaintiff describe (1) what he believes has been withheld, nor (2) why he believes Defendants have the phantom records in their possession.

The case at hand is *very different* from the unpublished District Court cases relied on by Plaintiff. For example, in *Collins-Williams v. Contour Eastwyck LLC*, No. 1:20-CV-3129-CAP, 2022 WL 17828934

---

Plaintiff is stating that the undersigned made a social media publication. However, even if Plaintiff is referring to a social media publication by William or Sheri Roper, his suggestion that a social media publication somehow impeaches the undersigned's description of them being unavailable is an overreach.

[3] The exception is a LinkedIn page and YouTube which average about three posts per year.

[4] *See* MTC, p. 6; ¶ 4.

[5] *Id.* at p. 2; ¶ 1.

*111 (N.D. Ga. Dec. 15, 2022), Defendant produced evidence in a state court case but then deleted, hid, and spoliated evidence in the federal court case. To be clear, in *Collins-Williams*, there was evidence of intentional spoliation via testimony and a forensic expert's report confirming that accounts were deleted. *Id*.

Here, as in *Collins-Williams*, there is a state court case[6] which involves evidence which overlaps with this case. However, Plaintiff has pointed to no evidence which was produced in the state court case but withheld the instant case. Further, Plaintiff has received many electronic records from Defendants but has not provided any forensic evidence[7] that the records have been tampered with, deleted, or otherwise spoliated.

## II. Defendants complied with the court's order and Plaintiff's claims to the contrary are in bad faith

---

[6] *See Leonard Willis v. Sheri Phillips* (Case No. 22SCE0270) pending in Cherokee County, Georgia.

[7] Plaintiff mentioned that the records he received lacks metadata so Plaintiff presumably has technical analysts examining the records. Defendants include a warehouse worker and a working-class entrepreneur who do not likely profess the technical prowess to intentionally destroy encrypted metadata nor have they demonstrated an interest in deceiving Plaintiff.

In addition, Plaintiff accuses Defendants of violating a court order. Presumably, Plaintiff believes Defendants have violated a court order to respond to discovery in good faith. However, the discovery responses demonstrate the Defendants have repeatedly complied with court order in good faith.

To illustrate, the court ordered that Defendants provide a response to discovery on or before April 11, 2023. On April 11, 2023, Defendant's counsel submitted discovery responses to Plaintiff and disclosed that the response were unverified in light of the fact that Defendants were unavailable for reasons then unknown.

### a. *The Requests for Admissions*

Defendant's counsel also informed the court that Plaintiff's Requests for Admissions were not accessible due to technical issues with the way Plaintiff chose to deliver the Requests for Admissions to Defendant. *See* EXHIBIT 1 (containing chain of emails to Plaintiff's office which describe technical issues and informed client of omitted pages from Plaintiff's own document). Plaintiff was fully aware of the issues raised by the undersigned counsel but has attempted to misled the court with false allegations in his Motion to Compel. In addition, Plaintiff's suggestion that the court should ignore his firm's delivery

of corrupt digital files and incomplete discovery documents and punish the Defendants for yet another reason is an example of entitlement and bad faith arguments which Plaintiff has made with impunity[8] so far in this case.

### b. *The Zip Folder contains organized business records relevant to this case*

On April 12, 2023, the court allowed Defendants to supplement discovery by April 25, 2023, and Defendants indeed supplemented discovery before the close of the court's deadline. The supplemented discovery included good faith responses to all of Plaintiff's discovery requests as well as additional electronic business records as kept in the ordinary course of business and compiled into an organized Zip Folder. *See* EXHIBIT 2 (providing a screenshot of descriptive contents of the Zip Folder).

---

[8] As a reminder, at the most recent hearing, Plaintiff led the court to believe that Defendants scheduled his client's deposition on or about the last day of the discovery period through some type of neglect. However, during the hearing, the court learned that Defendants attempted to schedule Plaintiff's deposition at the beginning of May (after asking how the Plaintiff would like to handle depositions in April) but *Plaintiff offered* deposition dates at the close of discovery *as the only option* available to Defendants.

Further, to cite one of Plaintiff's own cases, the producing party "has an obligation to organize the documents in such a manner that [the requesting party] may obtain, *with reasonable effort*, the documents responsive to their requests." *U.S. Commodity Futures Trading Commission. v. American Derivatives Corp.*, No. 1:05-CV-2492-RWS, 2007 WL 1020838, p. 13 (N.D. Ga. March 30, 2007)(emphasis added).

Here, Defendants have organized its business records and placed them within a Zip folder. Pursuant to Plaintiff's own caselaw, Plaintiff has the obligation to search the business records just as Defendant has since the burden of searching the records are substantially the same. *Id*.

To be clear, this is not a "needle in the haystack" scenario as discussed in *U.S. Commodity,* which involved financial services institutions that apparently sought to "merely open their [business] files" to Plaintiff in an effort to overwhelm Plaintiff with the arduous task of sifting through countless irrelevant records in the hunt for what was relevant to the case. *Id*. at p. 11-12. Presumably, the Plaintiff in *U.S. Commodity* was going to be given unlimited access to unrelated business records such as newsletters, advertisements,

invoices, human resources information, profit and loss statements for unrelated matters, and many other things which the Plaintiff would have trouble searching.

Here, Defendant *has not* attempted to "open their [business] files" and turn over everything under the sun such as irrelevant newsletters, advertisements, and communications about unrelated clients. Here, Defendants have compiled their relevant business records in an organized Zip folder complete with descriptive subfolders which further assist the Plaintiff in locating what Defendants believe are currently in their possession. However, Plaintiff—in a bad faith attempt to drive up the cost of litigation and tie up Defendants' resources with frivolous claims—is asking Defendants to do Plaintiff's job for him despite knowing that the rules permit disclosure of organized business records as they are kept in the ordinary course of business.

    c. **_Plaintiff repeatedly accuses clearly responsive answers as being "unresponsive"_**

Throughout Plaintiff's motion, he accuses Defendants of being unresponsive when a plain reading of the response shows otherwise. To illustrate, in Request #6, Plaintiff asks Defendants to produce "[a]ll documents constituting, referring or relating to your payment of

premiums for the Policy" and Defendants responded by informing Plaintiff that they "believe [the premium]…was paid in full and will provided when it's located." This response gives Plaintiff notice that Defendants cannot currently locate records of payment and Defendants cannot produce what they do not currently have. Even if Plaintiff wants Defendants' bank statements, such statements can only be produced if Defendants indeed have such statements in their "possession, custody, or control." FED. R. CIV. P. 34; *Kissinger v. Reporters Comm. for Freedom of Press*, 445 US 136 (1980).

The same is true for Plaintiff's grievance with Defendants' response to several other discovery requests such as Request #17. There, Plaintiff asked Defendants to produce "[a]ll documents that substantiate or refute your claim in paragraph 57 of Defendant's Counterclaim (Dkt. 10) that state authorities determined that Defendant had not been negligent in the installation of the siding at the Property." In response, Defendant stated "none at this time" if it is not included in the original 32 pages of business records and supplemented the response by adding that Plaintiff should consult with the fire department. Again, Defendants' statements indeed respond to Plaintiff's discovery request and Plaintiff cannot force Defendants to

track down records which are in the possession of independent government agencies which Defendants do not control. *Id*.

Lastly, a third example[9] is Plaintiff's gripe with Defendants' response to Request #23. There, Plaintiff sought "[a]ll documents constituting, referring or relating to any work contracted for and performed by Sherry Phillips and All Trades Handicraftsmen for Leonard Wills." In response, Defendants directed Plaintiff to the 32 pages of business records originally provided and later supplemented by stating that Sheri Phillips never performed work on the home of Leonard Willis. Here, over half of the above-mentioned 32 pages of business records includes contracts between Defendants and Leonard Willis yet Plaintiff alleges that the reference to the business records is unresponsive. Plaintiff's repeated accusations of absent records is unsupported and responding to allegations of phantom records is a huge waste of time and resources which the court should sanction the Plaintiff for doing.

**III.   Summary: Sanctions are not in the interest of justice here**

---

[9] This is last example discussed here but it is not the last example which Defendants can offer the court. To illustrate, many of things Plaintiff complains about throughout his motion is indeed resolved with a cursory look at the discovery contained in the Zip Folder.

Further, sanctions against Defendants are not in the interest of justice. As mentioned above, Plaintiff has did not attempt to confer on the issues with the Zip Folder prior to filing the instant motion. Further, as mentioned throughout this response, Plaintiff has misled the court with false allegations of (1) violations of court orders which have not been violated, (2) withheld evidence, and (3) failing to produce and/or respond to discovery requests.

Defendants request a hearing on this matter if the court is inclined to grant Plaintiff's request for sanctions. Further, although the Defendants will be proceeding *pro se* and the undersigned will be withdrawn from this case pursuant to Local Rule 83.1(E), the undersigned asks that any monetary sanctions be attributed to The Law Office Trey Ross—and/or the undersigned counsel in his individual capacity—and not to Defendants. Furthermore, the undersigned joins the Defendants in requesting that I be allowed to defend this response pro bono and without the need to enter an appearance if a hearing on this motion is held.

Submitted this 18th day of May 2023.

/s/    Tremaine Ross
Trey Ross, M.Ed., Esq.
Georgia Bar. No. 513017

The Law Office of Trey Ross, PC
5425 Peachtree Parkway
Suite 203
Peachtree Corners, GA 30092
trey@treyrosslaw.com (Email)
678-362-7576 (Phone)
1-301-969-2194 (Fax)
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES TO FIRST REQUEST FOR PRODUCTION AND FOR SANCTIONS was/were served via E-File, email, hand-delivery, private process server, service by the Sheriff, certified mail, and/or USPS mail postage prepaid on the following:

>Steven D. Ginsburg, Esq.
>Derron B. Bowles, Esq.
>LITCHFIELD CAVO LLP
>2100 Riveredge Parkway, Suite 1200
>Atlanta, GA 30328
>
>DAVID L. BOOHAKER, ESQ.
>MCDONALD LAW FIRM, P.C.
>2501 Parkview Drive, Suite 400
>Fort Worth, Texas 76102

Submitted this 19th day of May 2023.

>/s/   Tremaine Ross
>Trey Ross, M.Ed., Esq.
>Georgia Bar. No. 513017
>The Law Office of Trey Ross, PC
>5425 Peachtree Parkway
>Suite 203
>Peachtree Corners, GA 30092
>trey@treyrosslaw.com (Email)
>678-362-7576 (Phone)
>1-301-969-2194 (Fax)
>*Counsel for Defendant*

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULES AND CERTIFICATE OF SERVICE

In accordance with LR 7.1(D), I hereby certify that the foregoing was prepared in Times New Roman, 14-point font, one of the fonts specified in LR 5.1(B). I also hereby certify that I have served counsel of record with a copy of the foregoing by filing through the Court's ECF filing system which will provide notice to the following:

Steven D. Ginsburg, Esq.
Derron B. Bowles, Esq.
LITCHFIELD CAVO LLP
2100 Riveredge Parkway, Suite 1200
Atlanta, GA 30328

DAVID L. BOOHAKER, ESQ.
MCDONALD LAW FIRM, P.C.
2501 Parkview Drive, Suite 400
Fort Worth, Texas 76102

Submitted this 19th day of May 2023.

By: /s/ Tremaine Ross
**Tremaine Ross M.Ed., Esq.**
GA Bar No. 513017
The Law Office of Trey Ross
5425 Peachtree Parkway
Suite 203
Peachtree Corners, GA 30092
678-362-7576 (Direct)
1-301-969-2194 (Fax)
trey@treyrosslaw.com
*Attorney for Defendant*